IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CROSETTI BRAND,** **#M02369,**              **Plaintiff,** v. **ROB JEFFREYS,** **BART D. TOENNIES,** **BRANDON A. WESTBROOK, and** **JON FATHEREE,**              **Defendants.** | Case No. 20-cv-00602-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

      Plaintiff Crosetti Brand, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. He claims that while at Centralia Correctional Center ("Centralia") he was not allowed to present witnesses before the Adjustment Committee denying him a fair and impartial disciplinary hearing. He seeks monetary damages and injunctive relief.

      The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Brand alleges the following: On May 29, 2019, while incarcerated at Centralia, he was served a disciplinary report. (Doc. 1, p. 10). He completed the witness request form at the bottom of the disciplinary report and returned the form to Officer Brassel. (*Id.* at p. 11). On May 30, 2019, Brand appeared before the Adjustment Committee for a hearing on the disciplinary report. (*Id.* at p. 12). Adjustment Committee Members Toennies and Westbrook confirmed that they had received Brand's witness request form but refused to call Brand's witnesses. Toennies and Westbrook did not provide any explanation for why he was not allowed to call witnesses. Following the hearing, Brand was punished with a loss of 30 days good time, two months of C-grade, one month of segregation, and a disciplinary transfer. (*Id.*). He filed a grievance about the improper procedures during the hearing. The grievance was ultimately denied by the Administrative Review Board, and IDOC Director Jeffreys upheld the denial. (*Id.* at p. 13).

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to designate the following Counts:

> **Count 1:** Fourteenth Amendment due process claim against Defendants for prohibiting Brand from calling witnesses during his disciplinary hearing on May 30, 2019.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 570 (2007).

## Count 1

To state a procedural due process claim under the Fourteenth Amendment, a plaintiff must sufficiently allege that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A court analyzing a due process claim in the context of prison disciplinary hearings must consider: (1) whether there was a protected interest at stake that necessitated due process protections; and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Zinermon*, 494 U.S. at 125.

Brand alleges that as a result of the disciplinary hearing he received (1) one month of segregation; (2) two months C-grade status; (3) a disciplinary transfer; and (4) loss of 30 days good time credits. As plead, the only punishment that raises due process concerns is the loss of good time credits. *See Hoskins v. Lenear,* 395 F. 3d 372, 375 (7th Cir. 2005) ("demotion in status, segregation, and transfer" do not raise due process concerns) (citing *Sandin v. Conner*, 515 U.S. 472, 486 (1995) (disciplinary segregation); *Thomas v. Ramos*, 130 F.3d 754, 761–62, n. 8 (7th Cir. 1997) (temporary segregation and demotion to C-grade status); *Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir.2004) (transfer)). *See also Marion v. Columbia Corr. Inst.,* 559 F. 3d 693, 698 (7th Cir. 2009) (noting that six months in segregation, is not such an extreme term, and does not, standing alone, trigger due process rights) (internal citations and quotations omitted); *DeTomaso v. McGinnis,* 970 F. 2d 211, 212 (7th Cir. 1992) ("prisoners possess neither liberty nor property in their classifications and prison assignments"). While loss of good time credits implicates a liberty interest, claims that imply that an inmate's good time credits should be restored cannot be pursued in a Section 1983 action until the good time is restored through other means. *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994); *Edwards v. Balisok*, 520 U.S. 641, 646-648 (1997); *McAtee v. Cowan,* 250 F.3d 506, 508 (7th Cir. 2001). Brand has not alleged that the good time credit has

been restored, and so, Count 1 is dismissed without prejudice.

Additionally, to the extent that Brand is attempting to assert a claim against Defendants for refusing to allow him to call witnesses in violation of the Illinois Administrative Code, this claim also fails. (*See* Doc. 1, p. 12). His arguments regarding state regulations do not state a claim under Section 1983, "which is limited to redressing claims based on federal law (including the Constitution)." *Lilly v. Jess,* 189 F. App'x 542, 543 (7th Cir. 2006).

Because Brand has failed to state a claim for which relief can be granted, the Complaint does not survive preliminary review and shall be is dismissed without prejudice. If he wishes to pursue his claims, Brand must file a First Amended Complaint. Additionally, if facts exist to demonstrate that Brand has succeeded in invalidating or expunging the disciplinary revocation of his good time credits, he should include this information in the amended complaint.

## MOTION FOR APPOINTMENT OF COUNSEL

Brand has filed a motion requesting the Court to recruit counsel on his behalf. (Doc. 3). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

In an attempt to recruit counsel on his own, Brand states that he has wrote a few attorneys but has not received any response letters. (Doc. 3, p. 2). This information is not sufficient for the Court to determine that Brand has made a reasonable effort to obtain counsel on his own, prior to requesting assistance from the Court. Because he has failed to make this threshold showing, the Court denies the Motion for Appointment of Counsel. Should Brand choose to move for recruitment of counsel at a later date, the Court directs him to: (1) include in the motion the names

and address of at least three attorneys he has contacted; and (2) if available, supporting documentation, such as the letters from the attorneys who declined representation or the authorization of payment form used to send the letters.

### MOTION REQUESTING MERIT REVIEW

Brand's request for the Court to conduct a full merit review of the Complaint is denied as moot in light of this Order. (Doc. 14).

### DISPOSITION

For the reasons stated above, the Complaint (including Count 1) is **DISMISSED without prejudice** against **Jeffreys, Toennies, Westbrook,** and **Fatheree** for failure to state a claim for relief.

The Motion for Appointment of Counsel (Doc. 3) is **DENIED without prejudice** and the Motion Requesting Court to Conduct Full Merits Review of Complaint (Doc. 14) is **DENIED as moot**.

Brand is **GRANTED** leave to file a "First Amended Complaint" on or before **April 7, 2021.** Should Brand fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Brand's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Brand use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 20-cv-00602-SPM). To enable Brand to comply with this Order, the **CLERK** is **DIRECTED** to mail Brand a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Brand must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Brand is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Brand is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   March 10, 2021**

       *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**