IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CROSETTI BRAND, #M02369, <br><br>             Plaintiff, <br><br> v. <br><br> ROB JEFFREYS, <br> BART D. TOENNIES, <br> BRANDON A. WESTBROOK, and <br> JOHN FATHEREE, <br><br>             Defendants. | Case No. 20-cv-00602-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

  Plaintiff Crosetti Brand, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. He claims that while at Centralia Correctional Center ("Centralia") he was not allowed to present witnesses before the Adjustment Committee denying him a fair and impartial disciplinary hearing, resulting in the revocation of good time credits without due process. He seeks monetary damages and injunctive relief.

  The initial Complaint was dismissed without prejudice for failure to state a claim for which relief can be granted. (Doc. 15). Brand was given leave to amend, and the First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Amended Complaint are to be liberally construed. *Rodriguez v. Plymouth*

*Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE FIRST AMENDED COMPLAINT

Brand alleges the following: On May 29, 2019, while incarcerated at Centralia, he was served a disciplinary report. (Doc. 16, p. 5). He completed the witness request form at the bottom of the disciplinary report, listing Officer Keck as a witness, and returned the form to Officer Brassel. On May 30, 2019, Brand appeared before the Adjustment Committee for a hearing on the disciplinary report. (*Id.*). Adjustment Committee Members Toennies and Westbrook confirmed that they had received Brand's witness request form but refused to call Brand's witnesses. (*Id.* at p. 6). Toennies and Westbrook did not provide any explanation for why he was not allowed to call witnesses. They also failed to conduct any further investigation into Brand's written statement. (*Id.*).

Following the hearing, Brand was punished with a loss of 30 days good time, two months of C-grade, one month of segregation, and a disciplinary transfer. (*Id.* at p. 7). He filed a grievance about the improper procedures during the hearing. (*Id.*). The grievance was ultimately denied by the Administrative Review Board, and IDOC Director Jeffreys upheld the denial. (*Id.* at p. 8). On September 18, 2020, Director Jeffreys restored the 30 days of good time credits. (*Id.*).

### DISCUSSION

Based on the allegations in the First Amended Complaint, the Court finds it convenient to designate the following Counts:

**Count 1:** Fourteenth Amendment due process claim against Defendants for failing to provide Brand a fair and impartial disciplinary hearing on May 30, 2019.

**Count 2:** State law negligence claim against Toennies and Westbrook.

**Count 3:** State law tort claim of indemnification.

The parties and the Court will use this designation in all future pleadings and orders, unless

otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Count 1

To state a procedural due process claim under the Fourteenth Amendment, a plaintiff must sufficiently allege that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A court analyzing a due process claim in the context of prison disciplinary hearings must consider: (1) whether there was a protected interest at stake that necessitated due process protections; and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Zinermon*, 494 U.S. at 125.

Brand alleges that as a result of the disciplinary hearing he received (1) one month of segregation; (2) two months C-grade status; (3) a disciplinary transfer; and (4) loss of 30 days good time credits. As stated in the original Merit Review Order, the only punishment that raises due process concerns is the loss of good time credits. (Doc. 15, p. 3) (citations omitted). While loss of good time credits implicates a liberty interest, claims that imply that an inmate's good time credits should be restored cannot be pursued in a Section 1983 action until the good time is restored through other means. *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994); *Edwards v. Balisok*, 520 U.S. 641, 646-648 (1997); *McAtee v. Cowan,* 250 F.3d 506, 508 (7th Cir. 2001). The Court previously concluded that because Brand had not alleged that the good time credits had been restored, his due process claim must be dismissed. (Doc. 15, p. 3).

Now, Brand asserts in the First Amended Complaint that his good time credits have been

---

[1] *See Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 570 (2007).

restored. (Doc. 16, p. 8). Accordingly, at this point in time, the Court assumes that the disciplinary decision has been invalidated, and Brand can proceed with his Fourteenth Amendment claim against Westbrook and Toennies for failing to allow him to call witnesses and properly investigating the charges prior to revoking good time credits. *See Scruggs v. Jordan,* 485 F. 3d 934, 939-41 (7th Cir. 2007) (due process requires an opportunity to call witnesses and a ruling supported by some evidence in the record).

Count 1 will be dismissed as to Warden Fatheree and Director Jeffreys. Warden Fatheree is listed as a defendant, but Brand does not assert any allegations against him in the body of the First Amended Complaint. Merely listing him as a defendant is not sufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Neither can Fatheree be held liable solely because he is in a supervisory role as the warden of the facility. Thus, Count 1 will be dismissed as to Fatheree. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Brand has also not stated a claim against Jeffreys for due process violations. Brand alleges that Jeffreys denied his grievance complaining about the unlawful procedures at the disciplinary hearing. (Doc. 16, p. 8). It is well settled that the denial of an inmate's grievance after the constitutional deprivation has occurred does not give rise to a constitutional violation against the grievance official. *See McGee v. Adams*, 721 F.3d 474, 485 (7th Cir. 2013). Accordingly, Count 1 is dismissed at to Jeffreys.

**Count 2**

Brand claims that Toennies and Westbrook acted outside the scope of their duties, "violating state law tort claims, breach of dut[ies], negligence, where constitutional rights [were] clearly established at the time of the alleged violation." (Doc. 16, p. 7). Brand cannot pursue this state law negligence claim in federal court. His claim is against state employees who allegedly acted negligently in performance of duties arising from their state employment. The Illinois Court

of Claims has exclusive jurisdiction over these types of claims. *See Turner v. Miller,* 301 F. 3d 599, 602 (2002); *Loman v. Freeman*, 229 Ill.2d 104, 113 (2008) ("Where the alleged negligence is the breach of a duty imposed on the employee solely by virtue of his state employment, the Court of Claims has exclusive jurisdiction."). For these reasons, Count 2 is dismissed with prejudice.

**Count 3**

Under the State Employee Indemnification Act, 5 ILCS 350/1, *et seq.*, the State is obligated to indemnify "any State employee" in civil actions against the employee for "act[s] or omission[s] occurring within the scope of the employee'' State employment" and the Attorney General is to appear on the employee's behalf. 5 ILCS 350/2(a) and (e)(ii). The Illinois State Employee Indemnification Act does not expressly create a private cause of action, and there are no allegations that Brand meets the criteria for an implied cause of action. *See* 5 ILCS 350/2; *see also Emerald Pork, II, Ltd. v. Purina Mills, Inc.*, 17 F.Supp.2d 816, 817 (C.D. Ill. Sept. 23, 1998) ("A private cause of action will be implied in Illinois only if: (1) plaintiff is a member of the class for whose benefit the Act was enacted; (2) it is consistent with the underlying purpose of the Act; (3) plaintiff's injury is one the Act was designed to prevent; and (4) it is necessary to provide an adequate remedy for violations of the Act."). Accordingly, Count 3 is dismissed with prejudice.

**INJUNCTIVE RELIEF**

Brand states that he is suing Director Jeffreys and Warden Fatheree in their official capacities for injunctive relief and Toennies and Westbrook in their official and individual capacities. The official capacity claims against Fatheree, Toennies, and Westbrook are dismissed. First, Brand is unable to obtain injunctive relief as to these Defendants. Brand is no longer incarcerated at Centralia and so any request for injunctive relief against officials at that correctional center is "moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Fairly,*

83 F. 3d 807, 811 (7 Cir. 1996). There is no indication that Brand will return to Centralia, and to assume he could eventually return would be speculation. Additionally, he also cannot sue them in their official capacities for money damages. *See Brown v. Budz*, 398 F.3d 9044, 918 (7th Cir. 2005) (Eleventh Amendment bars official capacity claims for monetary damages). Thus, the official capacities claims against Fatheree, Toennies, and Westbrook are dismissed without prejudice.

Brand's official capacity claim for injunctive relief will proceed against Director Jeffreys. *See Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

### SECOND MOTION FOR APPOINTMENT OF COUNSEL

Brand has filed a second motion requesting the Court to recruit counsel on his behalf. (Doc. 21). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

In denying the first motion for counsel, the Court found that Brand had failed to make a reasonable effort to obtain counsel on his own, prior to seeking the assistance of the Court. Brand now states that he has mailed letters to four different law offices but has not received any responses. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action pro se, Brand asserts that he will have difficulty litigating the case due to his incarceration and lack of education. He has been transferred to a different correctional facility from where the alleged events occurred, making discovery difficult. Furthermore, the law library at his current institution is frequently closed due to COVID-19

protocols. Brand also states that he has a sixth grade education level and intellectual disabilities. He has received assistance from another inmate in drafting his pleadings.

Despite these challenges, the Court finds that Brand can proceed pro se, at least for now. The case is in the early stages, Defendants have not been served, and discovery has not commenced. There is no indication that Brand will not be able to continue seeking help from other inmates as the case progresses, and he has litigated other cases in this district and is at least familiar with the process. *See Brand v. Robinson,* No. 19-cv-00931-NJR; *Brand v. Oglesby,* No. 21-cv-01072-SMY; *Brand v. Jeffreys*, No. 21-cv-01396-SPM. Brand is capable of representing himself, and the motion is denied. Once discovery on the merits has commenced, if Brand has significant difficulty, he may refile his motion.

### MOTION FOR STATUS

Brand's request for status of the case is denied as moot in light of this Order. (Doc. 22).

### DISPOSITION

For the reasons stated above, the First Amended Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** shall proceed against Toennies and Westbrook but is **DISMISSED without prejudice** as to Jeffreys and Fatheree in their individual capacities. **COUNTS 2** and **3** are **DISMISSED with prejudice.** The official capacity claims are **DISMISSED without prejudice** as to Toennies, Westbrook and Fatheree. Brand may proceed against IDOC Director Jeffreys in his official capacity for injunctive relief. Because there are no surviving claims against Fatheree, he is **DISMISSED without prejudice,** and the Clerk of Court is **DIRECTED** to **TERMINATE** him as defendants.

The second Motion for Appointment of Counsel (Doc. 21) is **DENIED without prejudice** and the Motion for Status (Doc. 22) is **DENIED as moot**.

The Clerk of Court shall prepare for **Toennies, Westbrook,** and **Jeffreys** (official capacity)

the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to the defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Brand, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the First Amended Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Brand and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Brand is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   December 17, 2021**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.