IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CROSETTI BRAND, #M02369, | |
| Plaintiff, | Case No. 20-cv-00602-SPM |
| v. | |
| ROB JEFFREYS, *et al.*, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a Motion to Dismiss for Lack of Jurisdiction filed by Defendants Jeffreys, Toennies, and Westbrook pursuant to Federal Rules of Civil Procedure 12(b)(1). (Doc. 31). Plaintiff Crosetti Brand filed a response in opposition. (Doc. 35). For the following reasons, the motion is granted.

## BACKGROUND

Plaintiff Crosetti Brand, who is proceeding pro se, commenced this action claiming constitutional violations pursuant to 42 U.S.C. § 1983 and violations of Illinois state laws. (Doc. 1). He asserts that on May 29, 2019, while incarcerated at Centralia Correctional Center, he was served a disciplinary report. (Doc. 16, p. 5). Brand completed the witness request form at the bottom of the disciplinary report, listing Officer Keck as a witness, and returned the form to Officer Brassel. On May 30, 2019, Brand appeared before the Adjustment Committee for a hearing on the disciplinary report. (*Id.*). Adjustment Committee Members Toennies and Westbrook confirmed that they had received Brand's witness request form but refused to call Brand's witness. (*Id.* at p. 6). Toennies and Westbrook did not provide any explanation for why he was not allowed to call his witness. They also failed to conduct any further investigation into Brand's written statement.

(*Id*.). Following the hearing, Brand was punished with a loss of thirty days good time, two months of C-grade, one month of segregation, and a disciplinary transfer. (*Id.* at p. 7). He filed a grievance about the improper procedures during the hearing. (*Id.*). The grievance was ultimately denied by the Administrative Review Board, and IDOC Director Jeffreys upheld the denial. (*Id.* at p. 8). However, on September 18, 2020, Director Jeffreys restored the thirty days of good time credits. (*Id*.). Brand requests monetary damages and injunctive relief.

After reviewing the Frist Amended Complaint pursuant to 28 U.S.C. § 1915A, Brand is proceeding on a single count against Toennie and Westbrook for failing to provide Brand a fair and impartial disciplinary hearing on May 30, 2019, in violation of the Fourteenth Amendment (Count 1).[1] The Court noted that the only punishment that implicated a liberty interested requiring due process, as pled in the First Amended Complaint, was the revocation of good time credits. (Doc. 23, p. 3). Because Brand pled that his good time credits had been restored, the Court assumed that the disciplinary decision had been invalidated, and his claim was not barred by *Heck v. Humphrey,* 512 U.S. 477, 480-81 (1994).

## MOTION TO DISMISS

Defendants have filed a motion to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) arguing that the Court does not have subject matter jurisdiction to adjudicate this matter. (Doc. 31). Defendants, however, put forth arguments regarding not only mootness but also that Brand has failed to state a claim. In the "Legal Standard" section, Defendants assert that because Brand's good time credits were restored and he never served additional time, his underlying case is moot. In discussing the legal standard for mootness, Defendants cite to a case brought under the habeas statute 28 U.S.C. §2241, in which Judge Dugan found the petitioner's habeas petition moot because his good conduct credit had been restored. (Doc. 31, p. 3) (citing

---

[1] Director Jeffreys remains in this case in his official capacity to implement any injunctive relief that may be ordered. (Doc. 23, p. 6).

*Waugh v. Sproul,* No. 20-cv-651-DWD, 2021 U.S. Dist. LEXIS 115884 (S.D. Ill. June 22, 2021)). Judge Dugan reasoned that the habeas petition was moot because the Court could not give the petitioner any further effective relief under Section 2241, which only allows for the immediate or earlier release from custody. *Waugh,* 2021 U.S. Dist. Lexis at *2 (citing *A.M. v. Butler,* 360 F. 3d 787, 790 (7th Cir. 2004)).

In the "Argument" section of the motion, Defendants argue that because Brand's credits were restored with no increase in the length of his sentence, he does not have a "cognizable civil rights claim." (Doc. 31, p. 4). In support of this argument, Defendants reference cases where the Seventh Circuit and district courts discuss whether the plaintiff had failed to state a claim for a due process violation under Section 1983, not mootness. (Doc. 31, p. 3-4) (citing *Morissette v. Peters,* 45 F. 3d 1119, 1122 (7th Cir. Jan. 24, 1995); *Trainauskas v. Fralicker,* No. 18-cv-193-NJR, 2018 WL 118367, at *4 (S.D. Ill. Mar. 7, 2018); *Lopez v. Bergee,* No. 17-3306, 2018 WL 2305691, at *2 (C.D. Ill. May 21, 2018); *Sanchez v. Godinez,* No. 14-cv-275-JPG, 2014 WL 1097435, at *2 (S.D. Ill. Mar. 20, 2014); *Henderson v. Rednour,* No. 12-1113-GPM, 2012 WL 5844685, at *2 (S.D. Ill. Nov. 19, 2012)).

Brand opposes the motion and claims that his case is not moot simply because Defendants ended their unlawful conduct. (Doc. 35). Furthermore, while his good time credits have been restored, he can still obtain damages.

The Court agrees with Brand that his case is not moot and finds that Rule 12(b)(6) is the more appropriate rule to invoke in seeking dismissal of this case. First, the *Waugh* case cited to by Defendants regarding mootness is not applicable here. Brand has brought his case pursuant to Section 1983, not Section 2241, which allows a party to recover injunctive and monetary relief. *See Thomas v. Ill.* 697 F. 3d 612, 614 (7th Cir. 2012). The mere fact that injunctive relief in the form a restoration of his good time credits was never available to him as a remedy does not moot

his case, since he may still seek damages for any alleged constitutional violation. *See Brown v. Bartholomew Consol. School Corp.,* 442 F. 3d 588, 596 (7th Cir. 2006); *Calhoun v. DeTella,* 319 F. 3d 936, 941 (7th Cir. 2003). Second, jurisdiction is not defeated by the "possibility that the averments might fail to state a proper cause of action on which [Brand] could actually recover." *Bell v. Hood,* 327 U.S. 678, 681-82 (1946). Whether Brand has a cause of action "calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Id.* at 682.

The Seventh Circuit has explicitly stated that if a Rule 12(b)(1) motion to dismiss "is an indirect attack on the merits of the plaintiff's claim, the court may treat the motion as if it were a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Peckmann v. Thompson,* 966 F. 2d 295, at *297 (7th Cir. 1992). Thus, the Court will assess the motion as brought pursuant to Rule 12(b)(6).

The purpose of a motion to dismiss under Rule 12(b)(6) is to address the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pleaded facts, and draw all possible inferences in the plaintiff's favor. *See, e.g., Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). To survive a motion to dismiss, the complaint must allege facts sufficient to "'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" *Camasta*, 761 F.3d at 736 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

It is clear, based on the allegations of the First Amended Complaint, that Brand has failed to assert a cognizable claim. Even assuming that Brand was not afforded constitutional due process

prior to the revocation of his good time credits, following his appeal, the credits were restored, and Brand never served any additional time. According to his exhibits,[2] his projected out date, with or without the credits, was not until 2023. (Doc. 16, p. 13). Brand's good time credits were restored on September 18, 2020. (*Id.*).The "protections of due process clause do not attach unless [Brand] was deprived of a liberty interest." *See Phelps v. McCoy,* 189 F. App'x 528, 529 (7th Cir. 2006) (finding "no basis for a federal suit" when the plaintiff had his good time credits restored prior to service). Because Brand's good time credits were restored to him, he did not suffer an actual increase in his sentence resulting in a deprivation of a liberty interest. *See Powell v. Cadwell,* 42 F. App'x 821, 822 (7th Cir. 2002) (finding no deprivation where, following a rehearing, the plaintiff's good time credit was restored); *Jacobo v. Holder,* No. 15-cv-0703-MJR-SCW, 2016 WL 5341197, at *7 (S.D. Ill. Sept. 23, 2016) (finding the plaintiff failed to state a claim for relief because he alleged the credits were restored to him (citing *Whitford v. Boglino,* 63 F. 3d 527, 529-30 (7th Cir. 1995))); *Moreno v. McCann,* No. 06-044-JPG, 2006 WL 2460565, at *3 (S.D. Ill. Aug. 23, 2006) (finding the plaintiff had failed to state a claim where exhibits demonstrated all good time credits were restored); *Peck v. Davis,* 444 F. Supp. 2d 941 (N.D. Ind. 2006). *See also Morissette,* 45 F. 3d at 1122 n. 4 (finding no due process violation where the Administrative Review Board reversed the disciplinary action and the plaintiff did not serve any additional time in segregation); *Shigemura v. Duft,* 111 F. App'x 843 (7th Cir. 2004) (plaintiff suffered a deprivation of a liberty interest where he served three additional months before his good time credits were restored). Without a deprivation, no due process is required. Accordingly, Brand has failed to state a claim for denial of due process under Section 1983. The motion to dismiss is **GRANTED.**

---

[2] For the purpose of a Rule 12(b)(6) motion, the pleadings include the First Amended Complaint and any written instruments attached to the First Amended Complaint as exhibits. *See Phillips v. Prudential Ins. Co. of America,* 714 F. 3d 1017, 1019-20 (7th Cir. 2013).

## DISPOSITION

For the reasons stated above, the motion to dismiss filed by Defendants is **GRANTED.** (Doc. 31).The First Amended Complaint and this entire case are **DISMISSED with prejudice** pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim.

The motion for status filed by Plaintiff Brand is **DENIED as moot** in light of this Order. (Doc. 39).

Brand is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, so the filing fee of $350.00 remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Brand wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Brand does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   November 7, 2022

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**
